UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAMIS PALACIOS FRION,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION CENTER,<br>Respondent. | Case No. 1:26-cv-05328 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Aramis Palacios Frion is detained at the California City Immigration Processing Center pending his deportation from the United States pursuant to a final order of removal. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing his immediate release from immigration custody. *See* Dkt. No. 1 at 7. He argues that his detention—which has now reached fourteen months—has become unconstitutionally prolonged because there is no likelihood of his removal in the reasonably foreseeable future. *Id*. at 6. Respondents oppose relief, contending that Petitioner's continued detention is lawful under 8 U.S.C. § 1231(a)(6). *See* Dkt. No. 6 at 2. The Court concludes that Petitioner's detention has become impermissibly prolonged, entitling him to release from detention. This is an uncomfortable result given Petitioner's criminal record, but it is required by law. The ruling is stayed for 14 days to give Respondents the opportunity to return Petitioner to the custody of local law enforcement if appropriate, as it appears that local law enforcement transferred Petitioner to the custody of Respondents after arresting him on several crimes.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner was ordered removed to Cuba on or around April 28, 1995. Dkt. No. 1 at 4 (citing April 23, 1995 as the date of the removal order); Dkt. No. 6-1 at 2. Petitioner's appeal of the removal order to the Board of Immigration Appeals ("BIA") was dismissed by the BIA on October 2, 1995. Dkt. No. 6-1 at 2. Accordingly, Petitioner has had a final order of removal in place for the last three decades. *See* 8 C.F.R. § 1241.1(a) ("An order of removal … shall become final: [] Upon dismissal of an appeal by the Board of Immigration Appeals").

Despite being ordered removed many years ago, Petitioner has remained in the United States. Records submitted by Respondents further indicate that he has had several criminal convictions over the last few decades, including convictions for possession of a controlled substance and armed robbery of dwelling in 2001. Dkt. No. 6-1 at 2–3. He was taken into custody by ICE on August 4, 2025 following an arrest for burglary, criminal mischief, and grand theft. *Id*. at 3. Neither party has indicated whether these charges have resulted in a conviction.

Despite being detained for over fourteen months, Respondents have not been able to effectuate Petitioner's removal to Cuba. Indeed, Petitioner contends that over the last fourteen months "he has not been issued a travel document," nor has he "been provided evidence that Cuba will accept him." Dkt. No. 1 at 6. Rather, he contends that the only steps the Government has taken to try and remove Petitioner from the United States is that they have requested he sign paperwork for removal to Mexico. *Id*.

## II. DISCUSSION

Petitioner contends that his now fourteen months of detention is unlawful as there is no likelihood of his removal in the reasonably foreseeable future. *See* Dkt. No. 1 at 6. Respondents oppose relief, arguing that Petitioner's continued detention is authorized under 8 U.S.C. § 1231(a)(6), but have offered no evidence with respect to the likelihood of Petitioner's removal. Dkt. No. 6 at 2. For the reasons that follow, the Court finds that Petitioner has made a sufficient showing under *Zadvydas v. Davis*, which Respondents have failed to rebut.

When a noncitizen "has been found to be unlawfully present in the United States and a final order of removal has been entered," the Government must attempt to execute their removal "during a subsequent 90-day statutory 'removal period.'" *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); *see* 8 U.S.C. § 1231(a)(1). During that 90-day period, the Immigration and Nationality Act requires the Government to detain the noncitizen. 8 U.S.C. § 1231(a)(2)(A). If the Government has not been able to remove the noncitizen at the conclusion of 90 days, then the removal period ends and the "statutory basis" for detention "shift[s] from § 1231(a)(2) to § 1231(a)(6)." *Diouf v. Mukasey*, 542 F.3d 1222, 1231 (9th Cir. 2008). And under § 1231(a)(6), the Government "'may' continue to detain an alien who still remains [in the United States] or release that alien under supervision." *Zadvydas*, 533 U.S. at 683 (quoting 8 U.S.C. § 1231(a)(6)). In other words, detention is permitted but not required after 90 days.

To determine whether detention pursuant to § 1231(a)(6) has become unconstitutionally prolonged, the Supreme Court has offered guidance to federal courts about how to assess the duration of detention. Up to six months, detention is to be treated as "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. But if after six months the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must then "respond with evidence sufficient to rebut that showing." *Id.* If the Government cannot rebut the showing, the noncitizen must be released. *See id.*

The first step of the analysis is easily met. Petitioner was arrested by ICE on August 4, 2025, and has remained in detention for the last fourteen months. *See* Dkt. No. 7-1 at 2. As such, his detention has well surpassed the presumptively reasonable six-month period of detention.

The next step of the *Zadvydas* analysis requires Petitioner to offer "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. Petitioner has not offered much on this point, and it is admittedly a close call. But taking into account the record in this case and the Court's obligation to liberally construe the arguments of pro se petitioners, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the Court concludes that Petitioner has made just enough of a showing to shift the burden to Respondents

to rebut the presumption. Petitioner has not been removed in the over thirty years since his removal order became administratively final. Further, he has now been detained for over fourteen months and claims that during this time the Government has not been able to obtain a travel document to Cuba for him, or otherwise presented him with any evidence that Cuba will accept him. *See* Dkt. No. 1 at 6. Indeed, it appears the only steps the Government has taken to try and remove Petitioner is ask him to sign paperwork for removal to Mexico. *Id*. "[D]istrict courts have repeatedly found that similarly situated petitioners—Cuban nationals whom the Government is attempting to remove to Mexico against their will—have met their initial burden [under *Zadvydas*], especially because the current standing agreement with Mexico appears to be conditioned on the consent of the noncitizen." *Arias Garcia v. Warden*, No. 1:26-CV-04659-DJC-JDP, 2026 WL 2254380, at *2 (E.D. Cal. Aug. 4, 2026) (collecting cases).

Respondents have offered no rebuttal to Petitioner's *Zadvydas* claim. Rather, their three-page response to the petition simply states, without analysis or citations, that "Petitioner has not provided good reason to believe that his removal is not significantly likely to occur in the reasonably foreseeable future." Dkt. No. 6 at 2. As explained above, the Court disagrees. As Respondents have not offered any evidence to rebut Petitioner's showing, his petition is granted.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Petition for Writ of Habeas Corpus, Dkt. No. 1, is GRANTED. The Court ORDERS Respondent to release Petitioner from detention on appropriate conditions of supervision, in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. As discussed earlier, this order is stayed for 14 days to give Respondents the opportunity to explore whether Petitioner should be returned to the custody of local law enforcement.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: October 6, 2026

VINCE CHHABRIA
United States District Judge